UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanda Pharmaceuticals Inc., <br><br> Plaintiff, <br><br> v. <br><br> Food and Drug Administration, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-536 (ACR) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE
REQUESTING A PRE-MOTION CONFERENCE**

Defendants hereby respond to Vanda's notice requesting a conference on its proposed motion for partial summary judgment on Counts I, III, and VI of its amended complaint. *See* ECF No. 18. Those Counts seek an order compelling FDA to commence a hearing by a date certain on Vanda's new drug application (NDA) for tradipitant to treat symptoms of gastroparesis. As the Court is aware, the parties are presently briefing Vanda's other motion for partial summary judgment on Counts V and VI. Given the parties' pressing deadlines and Vanda's choice to litigate this case in piecemeal fashion, we respectfully ask that the Court combine the pre-motion conference with the May 22, 2025 summary judgment hearing.

## BACKGROUND

Vanda is right about one thing—this feels like déjà vu. Last year, Vanda requested an administrative hearing on its supplemental new drug application (sNDA) to add an insomnia indication for the drug Hetlioz. Vanda demanded that FDA grant it a hearing to which it had no automatic right and dispense with administrative summary judgment procedures that the D.C. Circuit and the Supreme Court have upheld in decisions spanning five decades. After seeing the partial schedule that FDA's Center for Drug Evaluation and Research (CDER) *proposed* for the administrative proceeding, Vanda threatened a lawsuit to compel FDA to hold an immediate hearing. But once Vanda saw the Office of the Commissioner's *actual* scheduling order, it chose not to bring suit, tacitly confirming there was no unreasonable delay.

The sequence now repeats, this time as to Vanda's gastroparesis NDA. Vanda again demands a hearing to which it has no automatic right. *See* ECF No. 18, Ex. 3 (restricting any discussion to a schedule under which "our hearing commence[s] no later than May 7").[1] It again

---

[1] While Vanda chastises CDER for not "discuss[ing] the matter," ECF No. 18 at 3, given the obvious divergence of views, CDER reasonably elevated the issue to the ultimate decisionmaker, the Office of the Commissioner. Vanda has since responded to CDER's proposal and once again demanded a hearing no later than May 7, 2025. *See* FDA-2024-N-5933-0044 (Apr. 17, 2025), https://www.regulations.gov/document/FDA-2024-N-5933-0044.

jumps the gun by making allegations of unreasonable delay based on CDER's *proposed* schedule, which the Commissioner's Office has not yet adopted and may not adopt. And just as before, FDA will show that litigation was unnecessary.

## ANTICIPATED DEFENSES

FDA will demonstrate that Vanda's claim of unreasonable delay is meritless. As the Court observed last year, FDA "moved heaven and earth" to expeditiously resolve Vanda's Hetlioz-insomnia sNDA. 10/22/24 Tr. 10:16. The agency is likewise acting diligently and in good faith to resolve Vanda's pending gastroparesis NDA. If a hearing is necessary to reach a final decision, the Commissioner's Office will hold one. If a hearing is not warranted under established regulations and binding judicial precedent, the Commissioner's Office will determine the application's approvability through the administrative summary judgment process. Either way, there is no need now for judicial intervention.

To begin with, Vanda is not automatically entitled to a hearing on its application. FDA may deny a request for a hearing pursuant to the agency's summary judgment procedures if the party requesting the hearing fails to raise "a genuine and substantial issue of fact 'that might affect the outcome … under governing law.'" *Pharm. Mfg. Rsch. Servs., Inc. v. FDA*, 957 F.3d 254, 266 (D.C. Cir. 2020) (quoting *John D. Copanos & Sons, Inc. v. FDA*, 854 F.2d 510, 522–23 (D.C. Cir. 1988)); *see* 21 C.F.R. § 314.200(g) (summary judgment regulation). Both the Supreme Court and the D.C. Circuit have upheld FDA's use of summary judgment. *See Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 620–22 (1973) (holding that "the summary judgment procedure of FDA is valid"); *Pharm. Mfg. Rsch. Servs.*, 957 F.3d at 266 (holding that FDA acted within its discretion to deny plaintiff the hearing it requested under 21 U.S.C. § 355(c)(1)(B)); *Copanos*, 854 F.2d at 522–26 (same, with respect to a hearing requested under 21 U.S.C. § 355(e)). Notwithstanding Vanda's pending petition for review in the D.C. Circuit implicating these precedents, *see Vanda Pharms. Inc. v. FDA*, No. 24-1049 (D.C. Cir.) (oral arg.

held Jan. 15, 2025), unless and until the Circuit says otherwise, FDA may determine to proceed with summary judgment or a hearing. As such, the Court cannot compel FDA to hold a hearing. *See, e.g., Vanda Pharms, Inc. v. FDA*, 2024 WL 307387, at *6 (D.D.C. Jan. 26, 2024) (ordering FDA "to *either* finally resolve Vanda's application *or* commence a hearing" by a date certain) (emphasis added).

FDA will also demonstrate that, if it does not fully resolve or commence a hearing on Vanda's NDA by May 7, 2025, any delay would not be "so egregious" that the Court should intervene. *Telecommc'ns Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984). The question of whether Vanda's product is safe and effective for its proposed use is scientifically and technically complex. Vanda's hearing request materials submitted on March 17, 2025, totaled over 15,000 pages, including a 163-page brief, six declarations, and 296 exhibits. CDER must examine this information and provide the Commissioner's Office with its written analysis and proposed order. 21 C.F.R. § 314.200(f). If CDER recommends summary judgment, Vanda then has 60 days to submit a reply. *Id.* § 314.200(g)(2)–(3). The Commissioner's Office must analyze these submissions to determine whether "a genuine and substantial issue of fact" or "the public interest" warrants a hearing, *id.* § 314.200(g)(6), and, if a hearing is not warranted, issue a written decision as to approval of the application. These determinations are substantial, resource-intensive undertakings.[2]

Unique factors in this case further demonstrate that any delay would be reasonable. Vanda has two pending tradipitant NDAs with overlapping agency review periods. The same scientific experts at FDA are reviewing both applications, so extra time devoted to one necessarily takes time away from the other. Those experts are also providing technical review and expertise on Vanda's ongoing clinical studies and its other litigation regarding tradipitant. In addition, FDA

---

[2] For example, the decision refusing to approve Vanda's Hetlioz-insomnia NDA was over 130 pages. See FDA-2022-N-2390-0135 (Feb. 27, 2025), https://www.regulations.gov/document/FDA-2022-N-2390-0135.

experienced a significant reduction-in-force on April 1, 2025, including in CDER offices assigned to lead the review and draft the response to Vanda's hearing request. Under these circumstances, it is reasonable that FDA may need additional time to evaluate the evidence. *See Midwest Gas Users Ass'n v. FERC*, 833 F.2d 341, 359 (D.C. Cir. 1987) (a "reasonable time for an agency decision could encompass months," or "occasionally a year or two").

Moreover, while there may not be a long "line" of applicants who have requested hearings before FDA, ECF No. 18 at 4, "[a]gency officials not working on [Vanda's] matter have not just been 'twiddling their thumbs,'" *In re Barr Lab'ys*, 930 F.2d 72, 75 (D.C. Cir. 1991). The scientific reviewers involved with Vanda's NDA—and who would be involved in any administrative hearing—are also evaluating other pending NDAs to treat various diseases and conditions. They are additionally responsible for providing expertise on other agency policy and public health-related initiatives. Prioritizing any one matter necessarily comes at the cost of others.

Vanda's claim of "enormous" prejudice from delay also conceals its own efforts to slow FDA's review. ECF No. 18 at 4. Vanda sought unsuccessfully to enjoin FDA from issuing an approval or complete response letter. *See Vanda Pharms. Inc. v. FDA*, No. 24-CV-2514 (APM), 2024 WL 4263868 (D.D.C. Sept. 18, 2024). Then, the company spent months giving FDA inconsistent messages about whether it wanted to receive a notice of opportunity for a hearing. *See, e.g.*, Docket No. FDA-2024-N-5933 (Jan. 26, 2025) (simultaneously insisting that "FDA is legally obligated to provide an NOOH" and that "Vanda does not request issuance of an NOOH"), https://www.regulations.gov/comment/FDA-2024-N-5933-0002. Further, Vanda's claim that delay means it "cannot commercialize tradipitant" assumes without legal basis that its product is safe and effective for its proposed conditions of use—precisely the question pending before FDA. Though answering that question is important, FDA also must address many other public health and safety matters every day.

4

Dated: April 22, 2025                                  Respectfully submitted,

                                                           YAAKOV M. ROTH
                                                           Acting Assistant Attorney General,
                                                              Civil Division

                                                           AMANDA N. LISKAMM
                                                           Director

                                                           LISA K. HSIAO
                                                           Deputy Director, Civil Litigation

                                                           JAMES W. HARLOW
                                                           Acting Assistant Director

                                                           */s/ David H. Hixson*
                                                           DAVID H. HIXSON (Ill. Bar No. 6289751)
                                                           OLIVER MCDONALD (N.Y. Bar No. 5416789)
                                                           Trial Attorneys
                                                           Consumer Protection Branch
                                                           Civil Division
                                                           U.S. Department of Justice
                                                           P.O. Box 386
                                                           Washington, DC  20044-0386
                                                           (202) 449-8070 (Hixson)
                                                           (202) 305-0168 (McDonald)
                                                           (202) 514-8742 (fax)
                                                           David.H.Hixson@usdoj.gov
                                                           Oliver.J.McDonald@usdoj.gov